UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDRE L. WILSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-11-355 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Andre L. Wilson (TDCJ # 710098), has filed a Petition for a Writ of Habeas Corpus (Doc.# 1) under 28 U.S.C. § 2254, challenging his 1994 state court felony conviction. Having reviewed the petition and the response to the show cause order, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by limitations.

### I.     Procedural History

Wilson challenges the Director's custody of him pursuant to a judgment and sentence of the 122 Judicial District Court of Galveston County, Texas. Wilson's conviction was affirmed by the Fourteenth Court of Appeals on May 26, 1996. Wilson did not file a petition for discretionary review. He filed a state habeas application on June 29, 2010. The application was dismissed by the Texas Court of Criminal Appeals on July 28, 2010. Wilson filed this § 2254 petition on July 21, 2011. He claims that his conviction was obtained without due process.

### II.    One-Year Statute of Limitations

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

> (d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because Wilson's habeas petition was filed well after that date, the one-year limitations period applies to his claims. *Id*.

The AEDPA serves as a severe time constriction for filing a federal habeas corpus action. In general, a federal habeas petition must be filed within one year after the conviction becomes final, although the time period during which a properly filed state habeas application is pending shall not be counted against the one year period. § 2244(d)92). There are also statutory exceptions which can, in certain instances, extend the time for filing a federal habeas petition beyond the one year period after final conviction. *See* 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

Before the enactment of the AEDPA, there was no specific limitation period governing federal habeas corpus petitions.

In this case, Wilson's conviction became final on or about June 26, 1996. He did not file an application for state habeas relief until June 29, 2010, almost thirteen years after his federal habeas application was due under § 2244(d). Wilson's claims are barred by the applicable one-year limitations period.

### III.     Conclusion

It is therefore **ORDERED** that Wilson's petition for writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C. § 2244. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Wilson has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 5th day of October, 2011.

                                                Kenneth M. Hoyt
                                                United States District Judge